**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 0 4 2019

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**LITTLE ROCK DIVISION**

**BRANDON CLARK ROWE**                                                     **PLAINTIFF**

v.                                    CASE NO. 4:19-cv-618-BSM

**BRADLEY STEVENS, Individually and in his**
**Official capacity; JOHN SULLIVAN, Individually and**
**In his Official capacity; CITY OF ENGLAND, a**
**Municipal Corporation and Public Body Corporate and**
**Politic; NATHAN COOK, in his Official capacity as Chief**
**Of Police, England Police Department; LONOKE COUNTY**
**SHERIFF'S DEPARTMENT; JOHN DOES 1-10**                    **DEFENDANTS**

## NOTICE OF REMOVAL

COME now Separate Defendants, City of England and Nathan Cook, officially hereinafter "the City")[1] herein, by and through counsel, Sara Monaghan, and for their Notice of Removal, state:

1.      On or about April 5, 2019, Plaintiff filed his Complaint in the Circuit Court of Lonoke County, Arkansas, Case No. 43CV19-268. The Defendants are Nathan Cook, in his official capacity as Chief of Police, England Police Department; the City of England; Bradley Steven, in his individual and official capacities; John Sullivan, in his individual and official capacities; and the Lonoke County Sheriff's Department. The Plaintiff, Brandon Clark Rowe is represented by Willard Proctor, Jr.

2.      Separate Defendants have filed an Answer and a Notice of Parties and State Court of Removal with the Circuit Court of Lonoke County, Arkansas, pursuant to 28 U.S.C. § 1446(d).

3.      In the Complaint, Plaintiff brings this action pursuant to alleged violations of federal law and laws of the State of Arkansas. *See Complaint.*

This case assigned to District Judge _Miller_
and to Magistrate Judge _Deere_

_____

[1] The police chief sued in his official capacity is a suit against the City of England.

4.     28 U.S.C. § 1441(a) allows a defendant to remove civil actions from state to federal court when such actions are within the original jurisdiction of the federal court.  Original federal question jurisdiction is vested in the federal courts under 28 U.S.C. § 1331 regarding cases "arising under" the Constitution and laws of the United States, regardless of the amount of controversy. This Court has both original and removal jurisdiction over United States Constitution causes of action.  Plaintiffs' Complaint clearly states claims that arise under the United States Constitution. Thus, original federal question jurisdiction is vested pursuant to 28 U.S.C. § 1331 and removal is proper under the federal removal statutes.

5.     Venue is proper in this Court.

6.     True and correct copies of the pleadings served on Separate Defendants are attached hereto as Exhibit "A" and incorporated herein by this reference, this constituting all process, pleadings and orders which have been served on and/or filed by Separate Defendants.

7.     Pursuant to 28 U.S.C. § 1446, Separate Defendants hereby give notice of the removal of this action from the Circuit Court of Lonoke County, Arkansas, to the United States District Court for the Eastern District of Arkansas, Little Rock Division.

WHEREFORE, Separate Defendants pray that this action be removed from the Circuit Court of Lonoke County, Arkansas, to the United States District Court for the Eastern District of Arkansas, Little Rock Division, in accordance with 28 U.S.C. § 1331, § 1441, and § 1446, and for all other just and proper relief.

Respectfully submitted,

BY: _____

Sara Monaghan
Ark. Bar No. 2005276
P.O. Box 38
North Little Rock, AR 72115
TELEPHONE: 501-978-6122
FACSIMILE: 501-537-7262
EMAIL: smonaghan@arml.org

## CERTIFICATE OF SERVICE

I, Sara Monaghan, hereby certify on September 4, 2019, I have filed the foregoing document, via hand delivery, with the Clerk of the Court, and I hereby certify that I have sent the document by email and U.S. Mail to the person(s) referenced below:

Willard Proctor, Jr.
2500 South State Street
Little Rock, AR 72206-2162

_____

Sara Monaghan

ELECTRONICALLY FILED
Lonoke County Circuit Court
Deborah Oglesby, Circuit Clerk
2019-Apr-05 16:16:14
43CV-19-268
C23D01 : 11 Pages

IN THE CIRCUIT COURT OF LONOKE COUNTY, ARKANSAS
_____ DIVISION, CIVIL DIVISION

BRANDON CLARK ROWE                                          PLAINTIFF

VS.                          CASE NO.:

BRADLEY STEVENS, individually and in his
official capacities; JOHN SULLIVAN,
individually and in his official capacities;
CITY OF ENGLAND, a Municipal Corporation and
Public Body Corporate and Politic;
NATHAN COOK, in his official capacity as
Chief of Police, England Police Department;
LONOKE COUNTY SHERIFF'S DEPARTMENT
JOHN DOES 1 - 10                                            DEFENDANTS

## COMPLAINT

COME NOW the Plaintiff, Brandon Rowe, by and through undersigned

counsel, and for his complaint, states as follows:

### JURISDICTION AND VENUE

1.   This is an action arising under the United State Constitution

and the Constitution of the State of Arkansas alleging violations of

Constitutional Rights.  Relief is pursuant to 42 U.S.C. § 1983 and

the Fourth, Fifth and Fourteenth Amendments to the United States

Constitution, the Arkansas Constitution and common law tort and

negligence.  Jurisdiction and venue, pursuant to pursuant to 28

U.S.C. § 1391, is proper in this Court as the cause of action arose

in the Lonoke County, Arkansas.

1



DEFENDANT'S
EXHIBIT
A

2.   This is also an action seeking declaratory relief pursuant to Ark. Code Ann. § 16-111-104, part of the Declaratory Judgment Act, and 28 U.S.C.S. § 2201 to declare the rights and other relations between the parties and for damages.  The action also seeks prospective injunctive relief barring the defendants from engaging in the same or similar behavior in the future.

## PARTIES

3.   The Plaintiff, Brandon Clark Rowe, during all times mentioned was a citizen of the United States, and was a resident of Pulaski County, Arkansas.

4.   The Defendant City of England (herein referred to as "City"), is a municipal corporation organized under the laws of the State of Arkansas, and was the employer of the Defendant Chief of Police Nathan Cook (herein referred to as "Nathan Cook" "Cook" or "Chief Cook"); Defendant John Sullivan (herein referred to as "John Sullivan" "Sullivan" or "Officer Sullivan"), and the Defendant Police Officer Bradley Stevens (herein referred to as "Bradley Stevens" "Stevens" or "Officer Stevens").  The Defendant, Lonoke County Sheriff's Department, is a governmental entity created and organized under the laws of the State of Arkansas.

5.   Said City at all times herein mentioned provided the Defendant, Sullivan and Stevens, with an official badge and identification, which designated and described its bearers as officers of the City's Police Department.

2

6.     The defendant Bradley Stevens and John Stevens, at all relevant times was a duly appointed, qualified, and acting police officer of the City of England and was an agent of said City.  Defendants City of England is vicariously liable for Defendant Cook, Stephens, and Sullivan's actions under theory of agency and respondeat superior.

7.     During all times mentioned herein, Nathan Cook was acting as Chief of Police of the police force of the City of England, and as such, it was his duty to properly supervise the policeman under his control so as not to cause injuries to, or deprive the civil rights of persons the police department is obligated to protect.  At all relevant times, and prior to April, 2016, Cook had final policymaking authority in terms of creating, adopting and/or implementing police policies within the EPD whether formal or informal.

8.     The defendant City of England is the municipal corporation under the name of which the individual defendants performed all acts and omissions alleged herein.  At all times and places alleged herein the individual defendants and each of them, were acting as agents of the defendant, the City of England.  At all relevant times, the City is and was empowered, funded and directed to pay any §1983 civil rights judgment for compensatory damages, actual damages, punitive damages and attorney fees for which any City employee acting under color of state law is found liable. Accordingly, the City is an indemnification party for those liable in the acts of which Plaintiff complains.

3

9.   At all relevant times, the City was a municipality that participated in the Municipal Legal Defense Program. The acts of which Plaintiffs complain constitute a civil rights lawsuit against the City and the other City-employed defendants. Accordingly, the Municipal Legal Defense Program is a primary or secondary indemnification party regarding the acts of City and the other City-employed defendants of which Plaintiffs complain.

10.   The identities and residencies of John Does Nos. 1-10, who are, through information and belief, employees, agents, servants, and/or individuals, law enforcement agencies or law enforcement officers are unknown at this time; hence, Plaintiff has designated them as "John Does Nos. 1-10."  Plaintiff will amend his complaint to substitute the real names for the pseudo-names upon ascertaining this information. At all times, Defendant John Does Nos. 1-10 were acting in the scope of their employment, agency or contract.

## FACTUAL ALLEGATIONS

11.   On Tuesday, April 5, 2016, Brandon Clark Rowe, was being chased by England Police Department Patrolmen Bradley Stevens and John Sullivan.

12.   To effect the stop, either Stevens, Sullivan or John Doe 1 conducted a pit maneuver that was not authorized.

13.   Mr. Rowe ended up in a swamp.  While in the swamp, Stevens, Sullivan and/or John Doe 1 or John Doe 2 apprehended him.  He was restrained and had given up any form of resistance.

4

14. Mr. Rowe was dunked under water and dipped up and back under the water by Stevens, Sullivan and/or John Doe 1 or John Doe 2.

15. Once he was drug to shore, Mr. Rowe he was taken behind a police car. John Doe 3 took off his belt and tied Mr. Rowe's hands and feet. Mr. Rowe was beaten with and baton and told every tooth in his head would be knocked out.

16. Mr. Rowe was severely beaten. Mr. Rowe was beaten so bad that no intake pictures were taken of him.

17. A FOIA request was made by Mr. Rowe, but the Lonoke Police Department and England Police Department refused to answer or provide any information.

18. Mr. Rowe was denied adequate medical care and treatment.

## COUNT I

### EXCESSIVE FORCE
### IN VIOLATION OF THE FOURTH AMENDMENT, ARKANSAS CONSTITUTION AND ARKANSAS CIVIL RIGHTS ACT

19. Paragraphs 1-19 are incorporated herein by reference and re-alleged as though fully alleged in County I.

20. As a result of the unprovoked and vicious physical assault and battery upon the Plaintiff, Plaintiff suffered wounds and injuries.

21. The actions of the Defendants, Bradley Stevens, John Sullivan, and John Does were entirely unjustified by any actions of the Plaintiff and constituted an unreasonable and unprivileged touching of the Plaintiff.

22. The actions alleged above deprived the Plaintiff of the following rights under Fourth and Fourteenth Amendments of the

5

United States Constitution and the Arkansas Constitution, and the Arkansas Civil Rights Act:

a. Freedom from the use of excessive and unreasonable force;

b. Freedom from a deprivation of liberty without due process of law; and

c. Freedom from summary punishment.

23. Defendants, Bradley Stevens, John Sullivan, and John Does subjected Plaintiff to such deprivation by either malice or a reckless or callous indifference to the state and federally protected rights of the Plaintiff.

24. The direct and proximate result of Defendants' acts is that Plaintiff suffered injuries. Plaintiff was forced to endure pain and mental suffering; and had to incur medical and legal expenses, and was deprived of his rights and privileges secured and protected by the Constitution and laws of the United States.

## COUNT II
## PERMITTING AND MAINTAINING A WIDESPREAD CUSTOM OF PERMITTING EXCESSIVE FORCE *(MONELL)*

25. Paragraphs 1-24 are incorporated herein by reference.

26. Prior to the incident that is subject of this action, the City of England, through its Chief of Police, or system for hiring, employed the Defendant, Bradley Stevens, John Sullivan and John Does.

27. At all relevant times, including a period of years prior to April 5, 2016, Cook knowingly, and/or with reckless or callous indifference to the Constitutional rights of the citizens of England

6

and Lonoke County, permitted and/or maintained a widespread custom and practice of permitting acts of excessive force by EPD officers by covering up allegations of police excessive force and/or performing meaningless internal investigations intended to exonerate officers against whom such allegations are charged and/or failing to request or timely request independent investigations to verify such allegations and/or verbalizing to EPD officers and the public at large that violations of EPD general orders are trivial and unimportant. This pattern of police misconduct was so pervasive as to constitute a "custom or usage" with the force of law.

28. The foregoing acts, omissions, and systemic deficiencies are policies and customs of Defendant and such caused the Defendants Sullivan, Stevens and John Does to violate the Plaintiff's rights, all with the foreseeable result that officers were more likely to act in a manner that was neither necessary, reasonable nor legal. Said acts, omissions and systemic deficiencies are a result of a failure to, among other things, properly supervise and/or train.

29. Defendants Sullivan, Stevens and John Does subjected the Plaintiff to an unreasonable seizure that resulted in the deprivation of his liberty without due process of law, in violation of his rights as secured by the Fifth Amendment to the United States Constitution, the Arkansas Constitution and the Arkansas Civil Rights Act.

30. As a direct and proximate result of the aforesaid acts, omissions, systemic deficiencies, policies and customs of the

7

Defendants, Defendant Sullivan, Stevens and John Does, improperly assaulted and battered the Plaintiffs.

31. The conduct of the Defendant herein was of a malicious and willful nature, and of a nature so as to warrant the award of punitive and exemplary damages in favor of the Plaintiff against the Defendants.

**COUNT III**
**AGAINST THE CITY OF ENGLAND FOR PERMITTING AND MAINTAINING A WIDESPREAD CUSTOM OF PERMITTING EXCESSIVE FORCE** *(MONELL)*

32. Paragraphs 1-31 are incorporated herein by reference.

33. At all relevant times, including a period of years prior to April 5, 2016, the City of England knowingly, and/or with reckless or callous indifference to the Constitutional rights of the citizens of Lonoke County, permitted and/or maintained a widespread custom and practice of permitting acts of excessive force by EPD officers by covering up allegations of police excessive force and/or performing meaningless internal investigations intended to exonerate officers against whom such allegations are charged and/or failing to request or timely request independent investigations to verify such allegations and/or verbalizing to EPD officers and the public at large that violations of EPD general orders are trivial and unimportant. This pattern of police misconduct was so pervasive as to constitute a "custom or usage" with the force of law.

34. The foregoing acts, omissions, and systemic deficiencies are policies and customs of Defendant and such caused the Defendants Sullivan, Stevens and John Does to violate the Plaintiff's rights,

8

all with the foreseeable result that officers were more likely to act in a manner which was neither necessary, reasonable nor legal. Said acts, omissions and systemic deficiencies are a result of a failure to properly supervise.

35. Defendant Sullivan, Stevens and John Does subjected the Plaintiff to an unreasonable seizure, that resulted in the deprivation of his liberty without due process of law, in violation of his rights as secured by the Fifth Amendment to the United States Constitution, the Arkansas Constitution and the Arkansas Civil Rights Act.

36. As a direct and proximate result of the aforesaid acts, omissions, systemic deficiencies, policies and customs of the Defendant, Defendant Johannes, improperly assaulted and battered the Plaintiffs.

37. The conduct of the Defendant herein was of a malicious and willful nature, and of a nature so as to warrant the award of punitive and exemplary damages in favor of the Plaintiff against the Defendants.

## COUNT IV
### NEGLIGENCE

38. Paragraphs 1 - 37 are incorporated herein by reference.

39. At the time of the incident herein, Defendants Sullivan, Stevens and John Does was acting as an off duty officer of the England Police Department.

40. Defendants actions fell below the standard of reasonableness.

9

**COUNT V**
**DENIAL OF MEDICAL TREATMENT**

41. Paragraphs 1 – 41 are incorporated herein by reference.

42. Defendant Lonoke Police Department and John Doe employees, supervisors and agents of said department knew that Mr. Rowe was severely injured.

43. Pictures were not taken of the injures. Further, Mr. Rowe did not receive the proper medical care and treatment.

44. All other Defendants also knew that Mr. Rowe was injured, but failed to take any steps to insure that he received adequate medical care and treatment.

45. Defendants actions violated Mr. Rowe's Federal and State Constitutional Rights and the Arkansas Civil Rights Act.

WHEREFORE, the Plaintiff requests that this Honorable Court enter judgments against the defendants and each of them and:

a. Award compensatory damages against the Defendants and each of them jointly and severally;

b. Award punitive damages against the Defendants;

c. Award costs of this action including attorney fees to the Plaintiff; and

d. Award injunctive relief and declaratory relief prohibiting the defendants from engaging in this action in the future, finding the actions of the defendants to be unconstitutional and instituting such other relief as is necessary; and

10

e.    Award such other and further relief as this Court may deem appropriate.

A jury trial is hereby demanded.

Respectfully submitted,


/s/Willard Proctor, Jr.
Willard Proctor, Jr.,
Attorney for Plaintiff
2500 South State Street
Little Rock, AR  72206-2162
(501) 378-7720
Arkansas Bar No.:  87136
willard@wpjrlaw.com

11

ELECTRONICALLY FILED
Lonoke County Circuit Court
Deborah Oglesby, Circuit Clerk
2019-Aug-02 16:00:26
43CV-19-268
C23D01 : 2 Pages

IN THE CIRCUIT COURT OF LONOKE COUNTY, ARKANSAS
FIRST DIVISION, CIVIL DIVISION

BRANDON CLARK ROWE                                        PLAINTIFF

VS.                    CASE NO.: 43CV-19-268

BRADLEY STEVENS, individually and in his
official capacities; JOHN SULLIVAN,
individually and in his official capacities;
CITY OF ENGLAND, a Municipal Corporation and
Public Body Corporate and Politic;
NATHAN COOK, in his official capacity as
Chief of Police, England Police Department;
LONOKE COUNTY SHERIFF'S DEPARTMENT
JOHN DOES 1 - 10                                         DEFENDANTS

## MOTION TO EXTEND TIME FOR SERVICE

COMES NOW the Plaintiffs, by and through undersigned counsel, and for their Motion to Extend Time for Service of Process on the Defendants, pursuant to Rule 4(i) of the Arkansas Rules of Civil Procedure, state:

1.   On April 5, 2019, Plaintiff filed this action.  The time for obtaining service on the Defendants will expire on August 3, 2019.

2.   Plaintiff has been unable to obtain service.  Plaintiff needs an additional sixty (60) days to obtain service upon the Defendants. Plaintiff had to get addresses and confirm that Plaintiff would be able to proceed.  Plaintiff asks that he be given until October 4, 2019 to obtain service.

3.   Good cause exits for extending the time for service of the complaint.   Plaintiff requests an additional sixty (60) days to obtain service upon the Defendants.

WHEREFORE, the Plaintiff prays that this motion be deemed good and sufficient, and that after due consideration, the time for service of this complaint be extended sixty (60) days.

Respectfully submitted,

/s/ Willard Proctor, Jr.
Willard Proctor, Jr.
Attorney for Plaintiff
2500 South State Street
Little Rock, AR 72206-2162
(501) 378-7720
Arkansas Bar No.:  87136
willard@wpjrlaw.com

Motion to Extend Time for Service.doc

ELECTRONICALLY FILED
Lonoke County Circuit Court
Deborah Oglesby, Circuit Clerk
2019-Aug-05 10:10:53
43CV-19-268
C23D01 : 3 Pages

IN THE CIRCUIT COURT OF LONOKE COUNTY, ARKANSAS
FIRST DIVISION, CIVIL DIVISION

BRANDON CLARK ROWE                                          PLAINTIFF

VS.                        CASE NO.: 43CV-19-268

BRADLEY STEVENS, individually and in his
official capacities; JOHN SULLIVAN,
individually and in his official capacities;
CITY OF ENGLAND, a Municipal Corporation and
Public Body Corporate and Politic;
NATHAN COOK, in his official capacity as
Chief of Police, England Police Department;
LONOKE COUNTY SHERIFF'S DEPARTMENT
JOHN DOES 1 - 10                                           DEFENDANTS

## ORDER EXTENDING TIME FOR SERVICE

Came on the Motion to Extend Time for Service filed pursuant to

Rule 4(i) of the Arkansas Rules of Civil Procedure.  The Court, being

well advised as to all matters of fact and law, doth hereby <u>find</u>, <u>order</u>

and <u>direct</u>:

1.   On April 5, 2019, Plaintiff filed this action.  The time for

obtaining service on the Defendants will expire on August 3, 2019.

2.   Good cause exits for extending the time for service of the

complaint.

3.   Plaintiff is given to October 4, 2019 to serve the complaint

on the Defendant.

**IT IS SO ORDERED.**

                                    _____
                                    Honorable Barbara Elmore
                                    Circuit Judge


                                    _____
                                    Date

Prepared by:

/s/ Willard Proctor, Jr.
Willard Proctor, Jr.
Attorney for Plaintiff
2500 South State Street
Little Rock, AR 72206-2162
(501) 378-7720
Arkansas Bar No.:  87136
willard@wpjrlaw.com
Order Extend Time for Service.doc



Arkansas Judiciary

**Case Title:**    BRANDIB CLARK ROWE V BRADLEY STEVENS ET
                   AL

**Case Number:**   43CV-19-268

**Type:**          ORDER EXTEND SERVICE TIME

So Ordered

*Barbara Elmore*

Judge Barbara G Elmore

Electronically signed by BGELMORE on 2019-08-05 10:11:00    page 3 of 3

ELECTRONICALLY FILED
Lonoke County Circuit Court
Deborah Oglesby, Circuit Clerk
2019-Aug-12 15:08:40
43CV-19-268
C23D01 : 1 Page

## IN THE CIRCUIT COURT OF LONOKE COUNTY, ARKANSAS
## CIVIL DIVISION

**BRANDON CLARK ROW**                                       **PLAINTIFF**

**VS.**                                    **43CV-19-268**

**BRADLEY STEVENS, individually and in his
official capacities; JOHN SULLIVAN, individually
and in his official capacities; CITY OF ENGLAND, a
Municipal Corporation and Public Body Corp and
Politic; NATHAN COOK, individually and in his
Official capacities as Chief of Police, ENGLAND
Police Department, LONOKE COUNTY SHERIFF
DEPARTMENT; and JOHN DOE 1-10**                             **DEFENDANT**

## ORDER OF RECUSAL

Comes the Court, and on behalf of the Circuit Judges in the 23rd Judicial Circuit, finds all Lonoke

County Circuit Judges have recused as Trial Judges in this matter and hereby request that the

Administrative Office of the Courts appoint a special Judge to serve as the Trial Judge in this matter.

IT IS SO ORDERED.

Barbara Elmore
Circuit Judge, Division 1

Ashley Parker
Circuit Judge, Division 2

Sandy Huckabee
Circuit Judge, Division 3

# SUPREME COURT OF ARKANSAS

No. 19-316

ELECTRONICALLY FILED
Lonoke County Circuit Court
Deborah Oglesby, Circuit Clerk
2019-Aug-16  12:00:16
43CV-19-268
C23D01 : 2 Pages

|  |  |
|---|---|
| BRANDON CLARK ROW | Order Delivered August 15, 2019 |
| PLAINTIFF | MOTION FOR ASSIGNMENT OF JUDGE, TWENTY-THIRD JUDICIAL CIRCUIT, LONOKE COUNTY, ARKANSAS |
| VS. | CASE NO. 43CV-19-268 |
| BRADEY STEVENS, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITIES; JOHN SULLIVAN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITIES; CITY OF ENGLAND, A MUNICIPALL CORPORATION AND PUBLIC BODY CORP AND POLITIC; NATHAN COOK, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITIES AS CHIEF OF POLICE, ENGLAN POLICE DEPARTMENT, LONOKE COUNTY SHERIFF DEPARTMENT; AND JOHN DOE 1-10 | GRANTED. |
| DEFENDANTS |  |

## ORDER

Under the authority vested in the Chief Justice of the Supreme Court of Arkansas by Act 496 of 1965 as amended, and Ark. Const. Amend. 80, and pursuant to the written request of the Hon. Barbara Elmore, Judge David Laser, Retired Circuit Judge, is hereby assigned to the 23rd Judicial Circuit to hear the following case:

*Brandon Clark Row v. Bradley Stevens, Individually and in his official capacities, et al.*
Lonoke County Circuit Court Case No. 43CV-19-268

This assignment includes all ancillary proceedings which may arise in connection with said cause, and proceedings subsequent thereto shall be held at such time or times as shall be directed and ordered by Judge Laser.

This order made and entered this 15th day of August 2019.

**FILED**

AUG 1 5 2019

**STACEY PECTOL
CLERK**

_____
Chief Justice



# ADMINISTRATIVE OFFICE
# OF THE COURTS
### STATE OF ARKANSAS
Justice Building
625 Marshall Street
Little Rock, AR  72201

Our FAX number is _____(501) 682-9410
Voice Phone _____(501) 682-9400

To: Deborah Oglesby

Receiver's FAX Number: (501) 246-7134

This FAX is from: Dawn Thompson

Date: 8/14/19

Pages (including cover): 2

| Per Your Request | For Your Review | Reply ASAP |
|---|---|---|

Original: | will be mailed | will not be mailed |

Comments: Assignment Order 19-316

Confidentiality Notice: The information contained in this facsimile and any attachment(s) is the property of the State of Arkansas and may be protected by state and federal laws governing disclosure of private information. It is intended solely for the use of the entity to whom this fax is addressed. If you are not the intended recipient, you are hereby notified that reading, copying or distributing this transmission is STRICTLY PROHIBITED. The sender has not waived any applicable privilege by sending the accompanying transmission. If you have received this transmission in error, please notify the sender by return and destroy the message and attachment(s) from your system.

ELECTRONICALLY FILED
Lonoke County Circuit Court
Deborah Oglesby, Circuit Clerk
2019-Aug-20  14:40:06
43CV-19-268
C23D01 : 2 Pages

## IN THE CIRCUIT COURT OF LONOKE COUNTY, ARKANSAS
### CIVIL DIVISION

**BRANDON CLARK ROWE**                                                    **PLAINTIFF**

**VS.**                               **Case No. 43CV-19-268**

**BRADLEY STEVENS, individually and in his**
**Official capacities; JOHN SULLIVAN,**
**Individually and in his official capacities;**
**CITY OF ENGLAND, a Municipal Corporation and**
**Public Body Corporate and Politic;**
**NATHAN COOK, in his official capacity as**
**Chief of Police, England Police Department;**
**LONOKE COUNTY SHERIFF'S DEPARTMENT**
**JOHN DOES 1-10**                                                       **DEFENDANTS**

### Entry of Appearance

To the Clerk of this Court and all parties of record:

Please enter my appearance in this case as counsel for the Lonoke County Defendants:

the Lonoke County Sheriff's Department and John Does 1-10, to the extent that John Does 1-10

refer to Lonoke County officials.

Respectfully Submitted,

By:   /s/ Colin R. Jorgensen
      Ark. Bar No. 2004078
      Association of Arkansas Counties
      1415 West Third Street
      Little Rock, AR 72201
      Phone: (501) 372-7947
      Fax:   (501) 372-0611
      Email: CJorgensen@ARCounties.org

      *Attorney for Defendants Lonoke County Sheriff's*
      *Department and John Does 1-10.*

1

2

## Certificate of Service

I, Colin R. Jorgensen, certify that on this 20th day of August, 2019, I presented the foregoing to the Clerk of the Court for filing and uploading to the E-Flex filing system, which will provide notice to the following:

Willard Proctor, Jr.
2500 South State Street
Little Rock, AR 72206-2162


/s/ Colin R. Jorgensen

ELECTRONICALLY FILED
Lonoke County Circuit Court
Deborah Oglesby, Circuit Clerk
2019-Aug-20  14:40:06
43CV-19-268
C23D01 : 3 Pages

## IN THE CIRCUIT COURT OF LONOKE COUNTY, ARKANSAS
### CIVIL DIVISION

**BRANDON CLARK ROWE**                                                                   **PLAINTIFF**

**VS.**                                             **Case No. 43CV-19-268**

**BRADLEY STEVENS, individually and in his**
**Official capacities; JOHN SULLIVAN,**
**Individually and in his official capacities;**
**CITY OF ENGLAND, a Municipal Corporation and**
**Public Body Corporate and Politic;**
**NATHAN COOK, in his official capacity as**
**Chief of Police, England Police Department;**
**LONOKE COUNTY SHERIFF'S DEPARTMENT**
**JOHN DOES 1-10**                                                                       **DEFENDANTS**

### Lonoke County Sheriff's Department's Motion to Dismiss

Come now the Lonoke County Defendants, the Lonoke County Sheriff's Department and John Does 1-10, to the extent that John Does 1-10 refer to Lonoke County officials, and state as follows for their Motion to Dismiss:

1.      Plaintiff Brandon Clark Rowe brings this action alleging violations of his constitutional rights during his apprehension and arrest by officials with the City of England, Arkansas, and subsequent detention, on April 5, 2016.  Mr. Rowe alleges that officers with the England Police Department beat him severely during his apprehension and arrest, and that he was denied adequate medical care and treatment for his injuries following his arrest.

2.      Mr. Rowe has named as defendants in his action: City of England Police Officers Bradley Stevens and John Sullivan; City of England Police Chief Nathan Cook; the City of England; the Lonoke County Sheriff's Department; and John Does 1-10.

1

3.      Mr. Rowe brings the following claims against the following defendants: (1) excessive force under the state and federal constitutions—against the city defendants (Complaint ¶¶ 19-24); (2) custom of excessive force under the state and federal constitutions—against the city defendants (*id.* ¶¶ 25-37); (3) negligence—against all defendants (*id.* ¶¶ 38-40); and (4) denial of adequate medical treatment under the state and federal constitutions—against all defendants (*id.* ¶¶ 41-45).

4.      The Lonoke County Sheriff's Department is not an independent legal entity which can be sued in its own name.  The Complaint against the Lonoke County Sheriff's Department should be dismissed with prejudice accordingly.

5.      Mr. Rowe failed to comply with the mandatory affidavit requirement in the Arkansas John Doe statute— Ark. Code Ann. § 16-56-125—and his Complaint is therefore invalid as to the John Doe defendants as a matter of law.  Mr. Rowe cannot cure his failure within the statute of limitations, which has now passed.  The Complaint against the John Doe defendants should be dismissed with prejudice accordingly.

6.      The Complaint against the Lonoke County Sheriff's Department and John Doe defendants who are Lonoke County officials is barred for the reasons explained above, and the Court need not consider additional issues.

7.      Mr. Rowe's negligence claim (Complaint ¶¶ 38-40) is also barred under Arkansas law, and is not cognizable under 42 U.S.C. § 1983.  The negligence claim should be dismissed for this independent reason.

8.      Even assuming the Lonoke County Sheriff's Department was amenable to suit (which it is not), or that Mr. Rowe was able to substitute individual Lonoke County officials as defendants in the lawsuit (which he cannot because he failed to properly name John Doe

defendants and the statute of limitations has now expired), the Complaint fails as a matter of law because it states no facts regarding specific wrongdoing by Lonoke County or any Lonoke County official. The Complaint is subject to dismissal as to the Lonoke County Sheriff's Department and John Does 1-10 for this independent reason.

9.   In support of this Motion to Dismiss, the Lonoke County Defendants rely on the Brief being filed contemporaneously herewith.

WHEREFORE, the Lonoke County Sheriff's Department and John Does 1-10 pray that the Court dismiss the Complaint with prejudice, and award all other just and appropriate relief.

Respectfully Submitted,

Lonoke County Sheriff's Department and
John Does 1-10

By:   /s/ Colin R. Jorgensen
Ark. Bar No. 2004078
Association of Arkansas Counties
1415 West Third Street
Little Rock, AR 72201
Phone: (501) 372-7947
Fax:   (501) 372-0611
Email: CJorgensen@ARCounties.org

*Attorney for Defendants Lonoke County Sheriff's Department and John Does 1-10.*

### Certificate of Service

I, Colin R. Jorgensen, certify that on this 20th day of August, 2019, I presented the foregoing to the Clerk of the Court for filing and uploading to the E-Flex filing system, which will provide notice to the following:

Willard Proctor, Jr.
2500 South State Street
Little Rock, AR  72206-2162

/s/ Colin R. Jorgensen

3

ELECTRONICALLY FILED
Lonoke County Circuit Court
Deborah Oglesby, Circuit Clerk
2019-Aug-20 14:40:06
43CV-19-268
C23D01 : 15 Pages

## IN THE CIRCUIT COURT OF LONOKE COUNTY, ARKANSAS
### CIVIL DIVISION

**BRANDON CLARK ROWE**                                                    **PLAINTIFF**

**VS.**                                    **Case No. 43CV-19-268**

**BRADLEY STEVENS, individually and in his**
**Official capacities; JOHN SULLIVAN,**
**Individually and in his official capacities;**
**CITY OF ENGLAND, a Municipal Corporation and**
**Public Body Corporate and Politic;**
**NATHAN COOK, in his official capacity as**
**Chief of Police, England Police Department;**
**LONOKE COUNTY SHERIFF'S DEPARTMENT**
**JOHN DOES 1-10**                                                        **DEFENDANTS**

### Lonoke County Sheriff's Department's Brief in Support of Motion to Dismiss

### I.    Introduction

Plaintiff Brandon Clark Rowe brings this action alleging violations of his constitutional rights during his apprehension and arrest by officials with the City of England, Arkansas, and subsequent detention, on April 5, 2016. Mr. Rowe alleges that officers with the England Police Department beat him severely during his apprehension and arrest, and that he was denied adequate medical care and treatment for his injuries following his arrest. Mr. Rowe has named as defendants in his action: City of England Police Officers Bradley Stevens and John Sullivan; City of England Police Chief Nathan Cook; the City of England; the Lonoke County Sheriff's Department; and John Does 1-10. Mr. Rowe brings the following claims against the following defendants: (1) excessive force under the state and federal constitutions—against the city defendants (Complaint ¶¶ 19-24); (2) custom of excessive force under the state and federal

1

constitutions—against the city defendants (*id.* ¶¶ 25-37); (3) negligence—against all defendants (*id.* ¶¶ 38-40); and (4) denial of adequate medical treatment under the state and federal constitutions—against all defendants (*id.* ¶¶ 41-45).

The Complaint against the Lonoke County Sheriff's Department fails as a matter of law because the Department is not an entity subject to suit. The attempt to name John Doe defendants is ineffective because Mr. Rowe failed to comply with the mandatory affidavit requirement under Arkansas law, and the statute of limitations has now passed—the claims against the John Doe defendants are now barred as a matter of law. The negligence claim fails as a matter of law because counties and county officials (and cities and city officials) are immune from negligence claims under Arkansas law, and negligence claims are not cognizable under 42 U.S.C. § 1983. Even if the claims against the Lonoke County Sheriff's Department and/or the John Doe defendants were not barred, the Complaint against those defendants would be subject to dismissal for failure to state facts upon which relief can be granted. The Complaint against the Lonoke County Sheriff's Department and John Does 1-10 should be dismissed with prejudice.

## II.    Standard of Review

On a motion to dismiss brought under Ark. R. Civ. P. 12(b)(6), the courts treat the facts alleged in complaints as true and view them in the light most favorable to plaintiffs. *Dockery v. Morgan*, 2011 Ark. 94, at 6-7, 380 S.W.3d 377 (citing *McNeil v. Weiss*, 2011 Ark. 46, 378 S.W.3d 133). "However, our rules require fact pleading, and a complaint must state facts, not mere conclusions, in order to entitle the pleader to relief." *Id.* (Citing Ark. R. Civ. P. 8(a)(1); *Born v. Hosto & Buchan, PLLC*, 2010 Ark 292, 372 S.W.3d 324). The Court should "treat only the facts alleged in the complaint as true but not the plaintiff's theories, speculation, or statutory interpretation." *Id.* (Citing *Hodges v. Lamora*, 337 Ark. 470, 989 S.W.2d 530 (1999)).

## III.    Argument

A.    <u>The Complaint against the Lonoke County Sheriff's Department should be dismissed because the Sheriff's Department is not an entity subject to suit under state or federal law.</u>

The Lonoke County Sheriff's Department is not an independent legal entity which can be sued in its own name.  The Complaint against the Lonoke County Sheriff's Department should be dismissed with prejudice accordingly.

Under Arkansas law, "an unincorporated association cannot, in the absence of a statute authorizing it, be sued in its societal or company name . . .  suits must be instituted or defended by persons, either natural or artificial." *Certain Underwriters at Lloyd's, London v. Bass*, 2015 Ark. 178, \*12, 461 S.W.3d 317 (citing *Curators of Cent. College v. Bird*, 148 Ark. 323, 324, 229 S.W.730 (1921)).  Ark. Code Ann. § 14-14-102 defines a "county" as "a political subdivision of the state for the more convenient administration of justice and the exercise of local legislative authority related to county affairs" and "a body politic and corporate operating within specified geographic limitations established by law." *Id*.  Counties can thus sue and be sued under Arkansas law, but sheriff's departments and other county departments cannot.[1]

---

[1] The Arkansas General Assembly has likewise deemed cities in Arkansas to be bodies politic and corporations which are capable of suing and being sued. *See* Ark. Code Ann. § 14–54–101(1); *see also Deason v. City of Rogers,* 247 Ark. 1061, 449 S.W.2d 410 (1970).  The Arkansas Supreme Court has also recognized that the General Assembly has extended the right to sue and be sued to various entities, including school districts, housing authorities, improvement districts, levee boards, and drainage districts. *See, e.g., Hilton v. Pine Bluff Public Schools*, 295 Ark. 397, 748 S.W.2d 648 (1988); *City of Ft. Smith v. Housing Auth. of City of Fort Smith*, 256 Ark. 254, 506 S.W.2d 534 (1974); *Reeme & Rhodes v. Nat. Gas Imp. Dist.*, 247 Ark. 983, 448 S.W.2d 647 (1970); *Muse v. Prescott School Dist.*, 233 Ark. 789, 349 S.W.2d 329 (1961); *Kerr v. East Central Arkansas Regional Housing Authority*, 208 Ark. 625, 187 S.W.2d 189 (1945); *Drainage District No. 7 of Poinsett County v. Hutchins*, 184 Ark. 521, 42 S.W.2d 996 (1931).  But there are no Arkansas Supreme Court cases authorizing sheriff's departments or other county departments to sue and be sued under Arkansas law.

3

In *City of Hot Springs Advertising & Promotion Comm'n v. Cole*, a city Advertising Commission entered into a written contract, and then sued to enforce payment under the contract—without naming the City itself as a plaintiff. 317 Ark. 269, 270, 878 S.W.2d 371 (1994). The defendant "asserted that the Commission was not an independent legal entity which could sue or be sued in its own name." *Id.* The trial court concluded that the Commission "had no separate legal standing independent of the City, and, thus, could not commence a lawsuit in its own name" because "the Commission was not empowered by statute to sue or be sued[.]" *Id.* The Arkansas Supreme Court affirmed, holding that "the mere power to administer the advertising and promotion fund did not imbue the Commission with the power to sue to collect hotel and restaurant taxes, especially when the General Assembly had expressly invested the City of Hot Springs with that authority[.]" *Id.* at 274. Arkansas law as interpreted by the Arkansas Supreme Court is clear: the Lonoke County Sheriff's Department is not a legal entity subject to suit for violations of the Arkansas Constitution (or any other state-law claims).

Federal courts have likewise made clear that a county sheriff's department (or a county jail) is not a "person" subject to suit in an action under 42 U.S.C. § 1983. *See Williams v. Pulaski County Det. Facility*, 278 Fed. Appx. 695, 695 (8th Cir. 2008) ("We agree with the district court that the Pulaski County Detention Center (PCDC) is not subject to suit under section 1983.") (citing *Dean v. Barber*, 951 F.2d 1210, 1214-15 (11th Cir. 1992) (concluding that a sheriff's department is not a legal entity and thus is not subject to suit or liability under § 1983)); *Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("We affirm the grant of summary judgment as to SCJ, because county jails are not legal entities amenable to suit."); *Davis v. Holiday*, No. 4:18CV00765-BSM-JTK, 2019 WL 472299, at *2 (E.D. Ark. Jan. 17, 2019) ("Defendant Pulaski County Detention Facility (Jail) should be dismissed, because it is not

4

considered a 'person' within the meaning of 42 U.S.C. § 1983."), *report and recommendation adopted*, No. 4:18-CV-00765 BSM, 2019 WL 475009 (E.D. Ark. Feb. 6, 2019); *May v. Pulaski Cty. Reg'l Det. Facility*, No. 4:18CV00681-JM-JTK, 2018 WL 6981225, at *2 (E.D. Ark. Nov. 21, 2018) ("Plaintiff cannot sue the Jail or the Sheriff's Office in this § 1983 action, as neither is considered a 'person' within the meaning of 42 U.S.C. § 1983."), *report and recommendation adopted*, No. 4:18CV00681-JM-JTK, 2019 WL 138164 (E.D. Ark. Jan. 8, 2019); *Latham v. Southern Health Partners*, No. 4:14-CV-4160, 2016 WL 867026, at *1 (W.D. Ark. Feb. 16, 2016) ("The sheriff's department is a building and not a person or a legal entity subject to suit under § 1983.") (citing cases).

The Lonoke County Sheriff's Department is an office created by Lonoke County to aid in the administration of county government. There is no statutory enactment which authorizes the Lonoke County Sheriff's Department to sue or be sued in its own name. The Arkansas Supreme Court has made clear that a sheriff's office is not an entity subject to suit for Arkansas constitutional violations (or otherwise), and federal courts have made clear that sheriff's departments are not subject to suit under 42 U.S.C. § 1983. The Complaint against the Lonoke County Sheriff's Department fails as a matter of law, and should be dismissed accordingly.

B.      The Complaint against the "John Doe" defendants should be dismissed because Mr. Rowe failed to comply with the Arkansas "John Doe" statute, and the statute of limitations has now passed.

Mr. Rowe filed his Complaint on April 5, 2019—exactly three years after his arrest that occurred on April 5, 2016. *See* Complaint ¶ 11. The Complaint names the Lonoke County Sheriff's Department and John Doe defendants (as well as separate City of England defendants). As explained above, the Sheriff's Department is not a legal entity subject to suit, so the only Lonoke County defendants named in the original Complaint are John Does 1-10, to the extent

5

that any John Doe defendants are Lonoke County officials. But Mr. Rowe failed to comply with the mandatory affidavit requirement in the Arkansas John Doe statute, and his Complaint is therefore invalid as to the John Doe defendants as a matter of law. Mr. Rowe cannot cure his failure within the statute of limitations, which has now passed. The Complaint against the John Doe defendants should be dismissed with prejudice accordingly.

The statute of limitations for a claim under 42 U.S.C. § 1983 is three years after the claim accrues. *See Buckley v. Ray*, 848 F.3d 855, 866 (8th Cir. 2017) (citing *Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001)); *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992); Ark. Code Ann. § 16-56-105(3). A § 1983 cause of action accrues "when the plaintiff has a complete and present cause of action, . . . that is, when the plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Accrual occurs when the plaintiff "discovers, or with due diligence should have discovered, the injury that is the basis of the litigation." *Union Pacific Railroad Co. v. Beckham*, 138 F.3d 325, 330 (8th Cir. 1998). The statute of limitations for a claim under the Arkansas Civil Rights Act (Ark. Code Ann. § 16-123-101 et seq.) is also three years. *See Mountain Home Flight Serv., Inc. v. Baxter Cty., Ark.*, 758 F.3d 1038, 1045 (8th Cir. 2014) ("[U]nder both § 1983 and A.C.A. § 16-123-105, the applicable statute of limitations is three years.").[2]

---

[2] Notably, the statute of limitations for any claim against a county sheriff or deputy sheriff in their official capacity is two years. *See* Ark. Code Ann. § 16-56-109(a) ("All actions against sheriffs and coroners upon any liability incurred by them by doing any act in their official capacity, or by the omission of any official duty, except for escapes, shall be brought within two (2) years after the cause of action has accrued and not thereafter."); *Brown v. U.S.*, 342 F. Supp. 987 (E.D. Ark. 1972), *aff'd in relevant part, rev'd in part*, 486 F.2d 284 (8th Cir. 1973) (two-year limitations statute also applies to deputy sheriffs). Although Mr. Rowe did not name the Lonoke County Sheriff or any of his employees in the original complaint, if he had, any claims against them in their official capacities would be barred by the statute of limitations under Arkansas law. Any amendment to add such defendants would likewise be barred, even if Mr. Rowe had properly named John Doe defendants in his original complaint.

6

The Arkansas "John Doe statute," Ark. Code Ann. § 16-56-125, is a technical statute that permits a plaintiff file suit against unknown defendants and toll the statute of limitations until the identity of the unknown defendants is discovered.  The statute provides that "[f]or the purpose of tolling the statute of limitations, any person . . . may file a complaint stating his or her cause of action in the appropriate court of this state, whenever the identity of the tortfeasor is unknown." Ark. Code Ann. § 16-56-125(a).  A plaintiff is directed to name the unknown defendant(s) "by the pseudo-name John Doe or, if there is more than one (1) tortfeasor, John Doe 1, John Doe 2, John Doe 3, etc." *Id*. at § 16-56-125(b)(1).  "Upon determining the identity of the tortfeasor, the complaint shall be amended by substituting the real name for the pseudo-name." *Id*. at § 16-56-125(b)(2).  **"It shall be necessary for the plaintiff or plaintiff's attorney to file with the complaint an affidavit that the identity of the tortfeasor is unknown before this section shall apply**." *Id*. at § 16-56-125(c) (emphasis added).  The plain language of the affidavit requirement in § 16-56-125(c) is mandatory—failure to comply with the mandatory affidavit requirement means the "John Doe" statute does *not* apply, and the statute of limitations does *not* toll with the filing of a complaint naming "John Doe" defendants. *See Stephens v. Petrino*, 350 Ark. 268, 86 S.W.3d 836 (2002) (affirming summary judgment to defendant substituted for John Doe because plaintiff knew of defendant's identity when she filed the original complaint, but § 16-56-125 required the identity of John Doe defendant to be unknown, and the statute of limitations passed prior to the date of amendment); *Harvill v. Community Methodisty Hosp. Assn.*, 302 Ark. 39, 786 S.W.2d 577 (1990) (affirming dismissal of complaint against insurer where plaintiff amended to substitute insurer for John Doe but plaintiff failed to comply with § 16-56-125 and Ark. R. Civ. P. 15, so the amendment did not relate back to the original complaint, and the statute of limitations passed before the amendment).

Neither Mr. Rowe nor his attorney filed an affidavit along with the Complaint as required by Ark. Code Ann. § 16-56-125(c), in order to toll the statute of limitations for defendants identified as John Does under Ark. Code Ann. § 16-56-125(a).[3]  The statute of limitations has now passed.  Any attempt to substitute individual defendants for John Doe defendants is futile, because a complaint against any such defendant is barred by the statute of limitations.  The Complaint against the John Doe defendants should be dismissed with prejudice.

C.     Mr. Rowe's negligence claim fails because it is barred by statute under Arkansas law, and negligence claims are not cognizable under 42 U.S.C. § 1983.

The Complaint against the Lonoke County Sheriff's Department and John Doe defendants who are county officials is barred for the reasons explained above, and the Court need not consider additional issues.  But Mr. Rowe's negligence claim (Complaint ¶¶ 38-40) is also barred under Arkansas law, and is not cognizable under 42 U.S.C. § 1983.  The negligence claim should be dismissed for this independent reason.

---

[3] Although the Arkansas "John Doe" statute controls here, the Complaint would likewise fail to meet the standard for naming fictitious parties in federal court.  Fictitious defendants are generally impermissible in federal court:

> Likewise, the district court committed no error in dismissing the claims against the Doe Defendants. It is generally impermissible to name fictitious parties as defendants in federal court, but "an action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery." *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (citations omitted). The allegations in the Second Amended Complaint regarding the Doe Defendants are not sufficiently specific to satisfy the exception to the general prohibition against fictitious parties. The Second Amended Complaint does not sufficiently allege who the Doe Defendants are, what they allegedly did, what their position is for the City, or any other facts that would permit the Doe Defendants to be noticed or identified through discovery.

*Perez v. Does 1-10*, No. 18-2524, 2019 WL 3294200, at *4 (8th Cir. July 23, 2019).  Mr. Rowe chose to file in state court, and state law controls his original complaint and his attempt to name John Doe defendants.

8

Counties and other political subdivisions of the State are immune from negligence and other tort claims under Arkansas law: "It is declared to be the public policy of the State of Arkansas that all counties . . . of the state and any of their boards, commissions, agencies, authorities, or other governing bodies shall be immune from liability and from suit for damages except to the extent that they may be covered by liability insurance." Ark. Code Ann. § 21-9-301(a). "No tort action shall lie against any such political subdivision because of the acts of its agents and employees." *Id.*, § 301(b).

For decades, the Arkansas Supreme Court has consistently proclaimed that counties and other political subdivisions and their employees are immune from suit for negligence. *See Trammell v. Wright*, 2016 Ark. 147, at 5, 489 S.W.3d 636 ("This court has consistently held that section 21-9-301 provides city employees with immunity from liability for negligent acts[.]"); *Cousins v. Dennis*, 298 Ark. 310, 767 S.W.2d 296 (1989) (affirming tort immunity of school district in action for injuries sustained by student from district's alleged negligence); *Autry v. Lawrence*, 286 Ark. 501, 696 S.W.2d 315 (1985) (municipal police officer was immune from action for malicious prosecution); *Chandler v. Pulaski County*, 247 Ark. 262, 445 S.W.2d 96 (1969) (affirming dismissal of negligence complaint against county for damages arising out of injury in traffic accident on county road); *Sullivan v. Pulaski County*, 247 Ark. 259, 445 S.W.2d 94 (1969) (affirming dismissal of negligence complaint against county for damages arising out of traffic death on county road). *See also Finch v. Carroll County*, 2014 Ark. App. 564, at 4, 445 S.W.3d 535 ("The trial court properly dismissed the negligence claim against the county because it is expressly precluded and foreclosed by Arkansas law.").

In *Matthews v. Martin*, 280 Ark. 345, 658 S.W.2d 374 (1983), the Arkansas Supreme Court held that the immunity granted to political subdivisions under Section 21-9-301 extends to

the employees of that governmental entity. *Id.* The Court has since explained that "[t]his provision protects employees against suits in their official and individual capacities." *City of Little Rock v. Dayong Yang*, 2017 Ark. 18, at 5, 509 S.W.3d 632 (citing *Blevins v. Hudson*, 2016 Ark. 150, at 6, 489 S.W.3d 165). As the Court explained in *Beaulieu v. Gray*, 288 Ark. 395, 397, 705 S.W.2d 880 (1986), immunity for public employees is supported by at least three public policy rationales: (1) freeing public employees from fear of retaliation for unpopular decisions so that they can function freely and give unflinching discharge of their duties; (2) preventing public employees from being unduly intimidated in the discharge of their duties if they could be sued for actions which were later determined to be negligent; and (3) encouraging highly skilled employees to accept public positions where potential liability would not be commensurate with the relatively low compensation which public employees receive. *Id.*

A negligence claim also cannot be brought against a county or county official under 42 U.S.C. § 1983. "[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986). *See also Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986) ("Respondents' lack of due care . . . simply does not approach the sort of abusive government conduct that the Due Process Clause was designed to protect."); *Baker v. McCollan*, 443 U.S. 137, 146 (1979) ("Section 1983 imposes liability for violation of rights protected by the Constitution, not for violations of duties of care arising out of tort law."); *Hart v. City of Little Rock*, 432 F.3d 801, 805-06 (8th Cir. 2005) ("Mere negligence can never be conscience-shocking and cannot support a claim alleging a violation of substantive due process rights. Indeed, we have held more than once that gross negligence is not actionable under § 1983. The constitutional concept of conscience shocking duplicates no traditional category of common-law

fault, but rather points clearly away from liability, or clearly toward it, only at the ends of the tort law's spectrum of culpability, and liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process.") (internal citations and quotations omitted); *Sellers by and through Sellers v. Baer*, 28 F.3d 895, 902-03 (8th Cir. 1994) (allegations of inadvertence, negligence, and even gross negligence are insufficient to state a claim under § 1983).

Mr. Rowe's negligence claim (Complaint ¶¶ 38-40) is barred by statute under Arkansas law, and is not cognizable under 42 U.S.C. § 1983. The negligence claim fails as a matter of law against all government defendants—both entities and officials of city and county governments, which encompasses all defendants in this case. The negligence claim should be dismissed with prejudice accordingly.

D.  The Complaint against the Lonoke County Sheriff's Department and any other Lonoke County entity or official should be dismissed because the Complaint fails to state facts supporting any claim against Lonoke County or its officials.

Even assuming the Lonoke County Sheriff's Department was amenable to suit (which it is not), or that Mr. Rowe was able to substitute individual Lonoke County officials as defendants in the lawsuit (which he cannot because he failed to properly name John Doe defendants and the statute of limitations has now expired), the Complaint fails as a matter of law because it states no facts regarding specific wrongdoing by Lonoke County or any Lonoke County official. The Complaint is subject to dismissal as to the Lonoke County Sheriff's Department and John Does 1-10 for this independent reason.

"Arkansas has adopted a clear standard to require fact pleading"—Arkansas law requires a complaint to contain "a statement in ordinary and concise language of facts showing that the pleader is entitled to relief." *Malone v. Trans-State Lines, Inc.*, 325 Ark. 383, 385-86, 926 S.W.2d 659 (1996) (citing Ark. R. Civ. P. 8(a)(1)). Rule 12(b)(6) must be ready together with

11

Rule 8(a) in testing the sufficiency of a complaint—"facts, not mere conclusions, must be alleged." *Id.* (citing *Rabalaias v. Barnett*, 284 Ark. 527, 683 S.W.2d 919 (1985)). A complaint must do more than simply give notice of a claim because the Arkansas Supreme Court has "specifically rejected the theory of notice pleading in *Harvey v. Eastman Kodak Co.*, 271 Ark. 783, 610 S.W.2d 582 (1981), noting that, unlike the comparable federal rule, Ark. R. Civ. P. 8(a) requires a statement of 'facts showing the pleader is entitled to relief.'" *Treat v. Kreutzer*, 290 Ark. 532, 533, 720 S.W.2d 716 (1986). A complaint must contain specific facts that connect each defendant to the alleged wrongdoing. *See Ark. Dep't of Envtl. Quality v. Brighton Corp.*, 352 Ark. 396, 408, 102 S.W.3d 458 (2003) (affirming dismissal by trial court where the complaint consisted of "nothing more than generalities and conclusions of law with no specifics alleged as to the individual defendants.").

Aside from listing the "Lonoke County Sheriff's Department" and "John Does 1-10" in the style of this case, the Complaint hardly mentions any Lonoke County entity or individual. The "parties" section of the Complaint (¶¶ 3-10) does not contain a paragraph for the County or the Sheriff's Department, and it is not clear that Mr. Rowe even intended to include the Sheriff's Department as a defendant, though a summons was issued for the Sheriff's Department. Regarding the John Doe defendants, paragraph 10 of the Complaint states that the John Does are "employees, agents, servants, and/or individuals, law enforcement agencies or law enforcement officers are unknown at this time[.]" *Id.* It is not even clear whether the John Doe defendants are allegedly county officials, city officials, both, or neither. The factual allegations of the Complaint (¶¶ 11-18) likewise make no mention of the Lonoke County Sheriff's Department or any other Lonoke County entity or official. *Id.*

12

Counts I-III of the Complaint (¶¶ 19-37) are plainly directed at the City of England and its police officers, and do not attempt to state a claim against the Lonoke County Sheriff's Department or any other Lonoke County entity or official. Count IV of the Complaint (¶¶ 38-40) purports to assert a negligence claim but says nothing more than that "Defendants actions fell below the standard of reasonableness." *Id.*, ¶ 40. Count V asserts a claim for denial of medical treatment against the "Lonoke Police Department and John Doe employees, supervisors and agents of said department[.]" *Id.*, ¶ 42. To the extent that this claim is intended to be against the Lonoke County Sheriff's Department (as opposed to the police department of the City of Lonoke), the Complaint only alleges that officials with the agency "knew that Mr. Rowe was severely injured[,]" that "[p]ictures were not taken of the injuries[,]" and that "Mr. Rowe did not receive the proper medical care and treatment." *Id.*, ¶¶ 42-43. The Complaint states in conclusory fashion that "[a]ll other Defendants also knew that Mr. Rowe was injured, but failed to take any steps to [e]nsure that he received adequate medical care and treatment." *Id.* at ¶ 44. Count V ends with the conclusory allegation that "Defendants actions violated Mr. Rowe's Federal and State Constitutional Rights and the Arkansas Civil Rights Act." *Id.* at ¶ 45.

The factual allegations in Count V of the Complaint are insufficient to state a valid claim for denial of medical care against the Lonoke County Sheriff's Department, any other Lonoke County entity or official, or any entity or individual whatsoever. This portion of the Complaint amounts to "nothing more than generalities and conclusions of law with no specifics alleged as to the individual defendants." *Brighton Corp.*, 352 Ark. at 408. Because the negligence claim is barred as a matter of law, *supra*, and the denial of medical care claim is the only other claim in the Complaint that is even arguably asserted against any Lonoke County person or entity, the

13

Complaint against the Lonoke County defendants fails entirely under Ark. R. Civ. P. 12(b)(6) and 8(a), and should be dismissed accordingly.

## IV. Conclusion

Mr. Rowe's Complaint against the Lonoke County Sheriff's Department fails as a matter of law because the Department is not an entity subject to suit under state or federal law. The Complaint fails to properly name John Doe defendants because Mr. Rowe failed to file an affidavit as required by Ark. Code Ann. § 16-56-125, and any claim against the John Doe defendants (or any other unnamed defendant) is now barred by the statute of limitations. In sum, Mr. Rowe has not properly named a Lonoke County person or entity subject to suit, and the statute of limitations has now passed, so there cannot now be a valid complaint against any Lonoke County official or entity. The Complaint against the Lonoke County defendants should be dismissed with prejudice.

Even if it was not too late for Mr. Rowe to sue a Lonoke County defendant, the negligence claim is barred by statutory immunity under Arkansas law, and is not cognizable under 42 U.S.C. § 1983. And the Complaint is also subject to dismissal because it fails to state facts supporting a valid claim for relief. The Complaint against the Lonoke County Sheriff's Department and John Does 1-10, and any other Lonoke County official or entity, should be dismissed with prejudice

14

WHEREFORE, the Lonoke County Sheriff's Department and John Does 1-10 pray that the Court dismiss the Complaint with prejudice, and award all other just and appropriate relief.

Respectfully Submitted,

Lonoke County Sheriff's Department and
John Does 1-10

By:    /s/ Colin R. Jorgensen
Ark. Bar No. 2004078
Association of Arkansas Counties
1415 West Third Street
Little Rock, AR 72201
Phone: (501) 372-7947
Fax:   (501) 372-0611
Email: CJorgensen@ARCounties.org

*Attorney for Defendants Lonoke County Sheriff's Department and John Does 1-10.*

## Certificate of Service

I, Colin R. Jorgensen, certify that on this 20th day of August, 2019, I presented the foregoing to the Clerk of the Court for filing and uploading to the E-Flex filing system, which will provide notice to the following:

Willard Proctor, Jr.
2500 South State Street
Little Rock, AR 72206-2162

/s/ Colin R. Jorgensen

15

*Administrative Office of the Courts*
*SUPREME COURT OF ARKANSAS*



· BROOKE F. STEEN
STAFF ATTORNEY

ELECTRONICALLY FILED
Lonoke County Circuit Court
Deborah Oglesby, Circuit Clerk
2019-Aug-23  10:56:48
43CV-19-268
C23D01 : 1 Page

JUSTICE BUILDING
625 MARSHALL STREET
SUITE 1100
LITTLE ROCK, AR 72201

August 19, 2019

Hon. Barbara Elmore
Circuit Court Judge
301 N. Center, Suite 303
Lonoke, AR 72086

Re:    *Brandon Clark Row v. Bradley Stevens, Individually and in his official capacities, et al.*
Lonoke County Circuit Court Case No. 43CV-19-268

Dear Judge Elmore:

Pursuant to your request, the Chief Justice has assigned the Hon. David Laser, Retired Circuit Judge, to hear the above-styled case.  For your files, enclosed is a copy of Assignment Order No. 19-316, which makes this assignment.

By a copy of this letter to the Circuit Clerk, I am requesting that a copy of the above-mentioned assignment order be filed in the case file.  I also request that your office notify counsel/parties of Judge Laser's assignment to this case.

Thanks for your attention to this matter.

Sincerely,

Brooke F. Steen

BFS:dt
Enclosure
cc:  Hon. David Laser
     Ms. Deborah Oglesby, Lonoke County Circuit Clerk

PHONE: 501-682-9400 · FAX: 501-682-9410 · EMAIL: brooke.steen@arcourts.gov

ELECTRONICALLY FILED
Lonoke County Circuit Court
Deborah Oglesby, Circuit Clerk
2019-Aug-23 10:56:48
43CV-19-268
C23D01 : 1 Page

# SUPREME COURT OF ARKANSAS

No. 19-316

**Order Delivered** August 15, 2019

| | |
|---|---|
| BRANDON CLARK ROW | |
| PLAINTIFF | MOTION FOR ASSIGNMENT OF JUDGE, TWENTY-THIRD JUDICIAL CIRCUIT, LONOKE COUNTY, ARKANSAS CASE NO. 43CV-19-268 |
| VS. | |
| BRADEY STEVENS, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITIES; JOHN SULLIVAN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITIES; CITY OF ENGLAND, A MUNICIPALL CORPORATION AND PUBLIC BODY CORP AND POLITIC; NATHAN COOK, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITIES AS CHIEF OF POLICE, ENGLAN POLICE DEPARTMENT, LONOKE COUNTY SHERIFF DEPARTMENT; AND JOHN DOE 1-10 | GRANTED. |
| DEFENDANTS | |

## ORDER

Under the authority vested in the Chief Justice of the Supreme Court of Arkansas by Act 496 of 1965 as amended, and Ark. Const. Amend. 80, and pursuant to the written request of the Hon. Barbara Elmore, Judge David Laser, Retired Circuit Judge, is hereby assigned to the 23rd Judicial Circuit to hear the following case:

> *Brandon Clark Row v. Bradley Stevens, Individually and in his official capacities, et al.* Lonoke County Circuit Court Case No. 43CV-19-268

This assignment includes all ancillary proceedings which may arise in connection with said cause, and proceedings subsequent thereto shall be held at such time or times as shall be directed and ordered by Judge Laser.

This order made and entered this 15th day of August 2019.

**FILED**

AUG 1 5 2019

**STACEY PECTOL
CLERK**

_____
Chief Justice

ELECTRONICALLY FILED
Lonoke County Circuit Court
Deborah Oglesby, Circuit Clerk
2019-Sep-04  15:07:46
43CV-19-268
C23D01 : 2 Pages

## IN THE CIRCUIT COURT OF LONOKE COUNTY, ARKANSAS
## CIVIL DIVISION

**BRANDON CLARK ROWE**                                                          **PLAINTIFF**

**V.**                                       **CASE NO. 43CV-19-268**

**BRADLEY STEVENS, Individually and in his
Official capacity; JOHN SULLIVAN, Individually and
In his Official capacity; CITY OF ENGLAND, a
Municipal Corporation and Public Body Corporate and
Politic; NATHAN COOK, in his Official capacity as Chief
Of Police, England Police Department; LONOKE COUNTY
SHERIFF'S DEPARTMENT; JOHN DOES 1-10**              **DEFENDANTS**


## ENTRY OF APPEARANCE

To the Clerk of this Court and all parties of record:

Please enter my appearance in this case as counsel for the City of England, and the Chief

of Police of the England Police Department in his official capacity.


Respectfully submitted,

BY:   /s/ Sara Monaghan_____
Sara Monaghan
Ark. Bar No. 2005276
P.O. Box 38
North Little Rock, AR 72115
TELEPHONE: 501-978-6122
FACSIMILE: 501-537-7262
EMAIL: smonaghan@arml.org

## CERTIFICATE OF SERVICE

I, Sara Monaghan, hereby certify on September 4, 2019, I have filed the foregoing document, via the EFLEX system, with the Clerk of the Court, which will send a copy to the counsel of record listed below:

Willard Proctor, Jr.
2500 South State Street
Little Rock, AR 72206-2162


Sara Monaghan_____
Sara Monaghan

ELECTRONICALLY FILED
Lonoke County Circuit Court
Deborah Oglesby, Circuit Clerk
2019-Sep-04  15:36:13
43CV-19-268
C23D01 : 3 Pages

**IN THE CIRCUIT COURT OF LONOKE COUNTY, ARKANSAS**
**CIVIL DIVISION**

**BRANDON CLARK ROWE**                                          **PLAINTIFF**

**V.**                          **CASE NO. 43CV-19-268**

**BRADLEY STEVENS, Individually and in his**
**Official capacity; JOHN SULLIVAN, Individually and**
**In his Official capacity; CITY OF ENGLAND, a**
**Municipal Corporation and Public Body Corporate and**
**Politic; NATHAN COOK, in his Official capacity as Chief**
**Of Police, England Police Department; LONOKE COUNTY**
**SHERIFF'S DEPARTMENT; JOHN DOES 1-10**                        **DEFENDANTS**

<u>**SEPARATE DEFENDANT'S MOTION TO DISMISS**</u>

COME Separate Defendants, City of England, Arkansas and Nathan Cook, in his official capacity, Bradley Stevens, individually and in his official capacity, by and through counsel, Sara Monaghan, and for their Motion to Dismiss, state as follows:

1.      On April 4, 2019, the Plaintiff, Brandon Clark Rowe ("The Plaintiff") filed a Complaint against Separate Defendants, alleging that excessive force was used against him.

2.      The Plaintiff's Complaint fails to plead any facts to support the allegation that the Separate Defendants, or any officer employed by the Separate Defendants engaged in any activity that resulted in a violation of the Plaintiff's rights.

3.      Under Rule 8(a)(1) of the Arkansas Rules of Civil Procedure, a well pleaded complaint must contain a "a statement in ordinary and concise language of facts showing that the pleader is entitled to relief".

4.      Pursuant to Arkansas Rule of Civil Procedure 12, Separate Defendant is entitled to have the complaint dismissed against it with prejudice.

5.      Separate Defendants have filed a brief in support of the instant motion, contemporaneously herewith.

6.    Separate Defendants have filed an Answer asserting the following affirmative defenses:

(a)    The allegations in the Complaint fail to state facts or a claim upon which relief may be granted.

(b)    Separate Defendants are entitled to tort, qualified, and punitive damages immunity under all applicable doctrines of immunity pursuant to state and federal law, including but not limited to, Ark. Code Ann. § 21-9-301.

(c)    Separate Defendants assert that no violation of Plaintiffs' rights occurred.

(d)    Separate Defendants assert the affirmative defenses of res judicata, collateral estoppel, issue preclusion, and claim preclusion to the extent they may apply.

(e)    Separate Defendants plead all defenses, as found applicable, pursuant to Ark. Rules of Civ. Proc. 8.

(f)    Separate Defendants plead qualified and good faith immunities to the extent they are found applicable.

(g)    Separate Defendants assert the defense of privilege and justification.

(h)    Separate Defendants assert the defenses of insufficient service of process and insufficient process, if applicable.

(i)    Separate Defendants plead all defenses available under the Arkansas Civil Justice Reform Act.

(j).    Separate Defendants avail themselves of all statute of limitations defenses applicable to this claim.

(k).    Separate Defendants assert none of the officers' actions constitute unreasonable force, and any actions taken were reasonable.

WHEREFORE, the Separate Defendant prays that this Court grant their Motion to Dismiss, and all other relief to which they may be entitled.

Respectfully submitted,

BY:   /s/ Sara Monaghan_____
Sara Monaghan
Ark. Bar No. 2005276
P.O. Box 38
North Little Rock, AR 72115
TELEPHONE: 501-978-6122
FACSIMILE: 501-537-7262
EMAIL: smonaghan@arml.org

## CERTIFICATE OF SERVICE

I, Sara Monaghan, hereby certify on September 4, 2019, I have filed the foregoing document, via the EFLEX system, with the Clerk of the Court, which will send a copy to the counsel of record listed below:

Willard Proctor, Jr.
2500 South State Street
Little Rock, AR 72206-2162

Sara Monaghan_____
Sara Monaghan

ELECTRONICALLY FILED
Lonoke County Circuit Court
Deborah Oglesby, Circuit Clerk
2019-Sep-04 15:37:56
43CV-19-268
C23D01 : 3 Pages

**IN THE CIRCUIT COURT OF LONOKE COUNTY, ARKANSAS**
**CIVIL DIVISION**

**BRANDON CLARK ROWE**                                                        **PLAINTIFF**

**V.**                                          **CASE NO. 43CV-19-268**

**BRADLEY STEVENS, Individually and in his**
**Official capacity; JOHN SULLIVAN, Individually and**
**In his Official capacity; CITY OF ENGLAND, a**
**Municipal Corporation and Public Body Corporate and**
**Politic; NATHAN COOK, in his Official capacity as Chief**
**Of Police, England Police Department; LONOKE COUNTY**
**SHERIFF'S DEPARTMENT; JOHN DOES 1-10**                  **DEFENDANTS**

## SEPARATE DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS

COME Separate Defendant, City of England, Arkansas and Nathan Cook, in his official

capacity, Bradley Stevens, individually and in his official capacity, by and through counsel, Sara

Monaghan, and for their Brief in Support of Motion to Dismiss, state as follows:

### A. The Plaintiff Has Not Plead Facts Sufficient to State a Claim for Relief.

The Plaintiff has not plead facts sufficient to state a claim for relief, and therefore Plaintiff's

claim must be dismissed. Pursuant to the Arkansas Rules of Civil Procedure, any pleading must

contain a "statement in ordinary and concise language showing that the pleader is entitled to relief".

Ark. Rule Civ. Proc. 8(a)(1).  Although Rule 8 does not require excruciating detail, it does require

more than "unadorned, the-defendant-unlawfully-harmed-me accusation". *Ashcroft v. Iqbal*, 556

U.S. 662, 677-678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 455 (2007).

A complaint cannot survive a motion to dismiss where the Plaintiff has failed to plead

factual content "that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged". *Id*. "Where a complaint pleads facts that are merely consistent with

defendant's liability, it stops short of the line between possibility and plausibility of the entitlement

to relief". *Id.* In short, the court is not required to accept a mere legal conclusion as a factual allegation. *Id.*

Here, the Plaintiff has failed to assert *any* factual allegations to support his claim against any Separate Defendant. The Plaintiff's claims against the Defendants assert: "To effect the stop, either Stevens, Sullivan **or** John doe 1 conducted a pit maneuver that was not authorized." *Complaint* ¶12. "Mr. Rowe ended up in a swamp. While in the swamp, Stevens, Sullivan and**/or** John Doe 1 apprehended him." *Complaint* ¶13. "Mr. Rowe was dunked under water and dipped up and back under the water by Steven, Sullivan and**/or** John Doe 1 or John Doe 2." *Complaint* ¶14. "Mr. Rowe was taken behind a police car. John Doe 3 took off his belt and tied Mr. Rowe's hands and feet." *Complaint* ¶15. In the Complaint the Plaintiff has not provided the court with any facts indicating that John Doe 1, 2, or 3 is employed by the City of England. If the actions alleged in Paragraphs 13, 14, or 15 are attributed to any officer employed by an agency other than the England Police Department, no claim has been alleged against the Separate Defendant. As such, the England Police Department is entitled to dismissal pursuant to Arkansas Rules of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

For the foregoing reasons, the Separate Defendants' Motion to Dismiss for failure to state a claim should be granted, and all claims against them should be dismissed.

Respectfully submitted,

BY:   /s/ Sara Monaghan_____
Sara Monaghan
Ark. Bar No. 2005276
P.O. Box 38
North Little Rock, AR 72115
TELEPHONE: 501-978-6122
FACSIMILE: 501-537-7262
EMAIL: smonaghan@arml.org

## CERTIFICATE OF SERVICE

I, Sara Monaghan, hereby certify on September 4, 2019, I have filed the foregoing document, via the EFLEX system, with the Clerk of the Court, which will send a copy to the counsel of record listed below:


Willard Proctor, Jr.
2500 South State Street
Little Rock, AR 72206-2162


Sara Monaghan_____
Sara Monaghan

ELECTRONICALLY FILED
Lonoke County Circuit Court
Deborah Oglesby, Circuit Clerk
2019-Sep-04 15:41:33
43CV-19-268
C23D01 : 5 Pages

## IN THE CIRCUIT COURT OF LONOKE COUNTY, ARKANSAS
## CIVIL DIVISION

**BRANDON CLARK ROWE**                                    **PLAINTIFF**

**V.**                              **CASE NO. 43CV-19-268**

**BRADLEY STEVENS, Individually and in his
Official capacity; JOHN SULLIVAN, Individually and
In his Official capacity; CITY OF ENGLAND, a
Municipal Corporation and Public Body Corporate and
Politic; NATHAN COOK, in his Official capacity as Chief
Of Police, England Police Department; LONOKE COUNTY
SHERIFF'S DEPARTMENT; JOHN DOES 1-10**              **DEFENDANTS**


## SEPARATE DEFENDANTS' NOTICE TO PARTIES AND STATE COURT

COMES Separate Defendants herein, by and through counsel, Sara Monaghan, and for

their Notice to Parties and State Court of Removal, states as follows:

In accordance with 28 U.S.C. §§ 1441(a) and 1446(d), Separate Defendants, herein, hereby

give notice that the above styled and numbered cause has been removed to the United States

District Court for the Eastern District of Arkansas, Little Rock Division. A true and correct copy

of the Notice of Removal filed with the Clerk of said Court is attached hereto as Exhibit "A" and

incorporated herein by reference.

DATED this 4th day of September, 2019.


Respectfully submitted,

BY:     /s/ Sara Monaghan
        Sara Monaghan
        Ark. Bar No. 2005276
        P.O. Box 38
        North Little Rock, AR 72115
        TELEPHONE: 501-978-6122
        FACSIMILE: 501-537-7262
        EMAIL: smonaghan@arml.org

## CERTIFICATE OF SERVICE

I, Sara Monaghan, hereby certify on September 4, 2019, I have filed the foregoing document, via the EFLEX system, with the Clerk of the Court, and I hereby certify that I have sent the document by email and U.S. Mail to the person(s) referenced below:

Willard Proctor, Jr.
2500 South State Street
Little Rock, AR 72206-2162


Sara Monaghan_____
Sara Monaghan

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## LITTLE ROCK DIVISION

**BRANDON CLARK ROWE**                                                    **PLAINTIFF**

**V.**                                   **CASE NO.** _____

**BRADLEY STEVENS, Individually and in his**
**Official capacity; JOHN SULLIVAN, Individually and**
**In his Official capacity; CITY OF ENGLAND, a**
**Municipal Corporation and Public Body Corporate and**
**Politic; NATHAN COOK, in his Official capacity as Chief**
**Of Police, England Police Department; LONOKE COUNTY**
**SHERIFF'S DEPARTMENT; JOHN DOES 1-10**                       **DEFENDANTS**

## NOTICE OF REMOVAL

COME now Separate Defendants, City of England and Nathan Cook, officially hereinafter "the City")[1] herein, by and through counsel, Sara Monaghan, and for their Notice of Removal, state:

1.      On or about April 5, 2019, Plaintiff filed his Complaint in the Circuit Court of Lonoke County, Arkansas, Case No. 43CV19-268. The Defendants are Nathan Cook, in his official capacity as Chief of Police, England Police Department; the City of England; Bradley Steven, in his individual and official capacities; John Sullivan, in his individual and official capacities; and the Lonoke County Sheriff's Department. The Plaintiff, Brandon Clark Rowe is represented by Willard Proctor, Jr.

2.      Separate Defendants have filed an Answer and a Notice of Parties and State Court of Removal with the Circuit Court of Lonoke County, Arkansas, pursuant to 28 U.S.C. § 1446(d).

3.      In the Complaint, Plaintiff brings this action pursuant to alleged violations of federal law and laws of the State of Arkansas. *See Complaint*.

---

[1] The police chief sued in his official capacity is a suit against the City of England.



DEFENDANT'S
EXHIBIT
A

4.   28 U.S.C. § 1441(a) allows a defendant to remove civil actions from state to federal court when such actions are within the original jurisdiction of the federal court.  Original federal question jurisdiction is vested in the federal courts under 28 U.S.C. § 1331 regarding cases "arising under" the Constitution and laws of the United States, regardless of the amount of controversy. This Court has both original and removal jurisdiction over United States Constitution causes of action.  Plaintiffs' Complaint clearly states claims that arise under the United States Constitution. Thus, original federal question jurisdiction is vested pursuant to 28 U.S.C. § 1331 and removal is proper under the federal removal statutes.

5.   Venue is proper in this Court.

6.   True and correct copies of the pleadings served on Separate Defendants are attached hereto as Exhibit "A" and incorporated herein by this reference, this constituting all process, pleadings and orders which have been served on and/or filed by Separate Defendants.

7.   Pursuant to 28 U.S.C. § 1446, Separate Defendants hereby give notice of the removal of this action from the Circuit Court of Lonoke County, Arkansas, to the United States District Court for the Eastern District of Arkansas, Little Rock Division.

WHEREFORE, Separate Defendants pray that this action be removed from the Circuit Court of Lonoke County, Arkansas, to the United States District Court for the Eastern District of Arkansas, Little Rock Division, in accordance with 28 U.S.C. § 1331, § 1441, and § 1446, and for all other just and proper relief.

Respectfully submitted,

BY: _____
Sara Monaghan
Ark. Bar No. 2005276
P.O. Box 38
North Little Rock, AR 72115
TELEPHONE: 501-978-6122
FACSIMILE: 501-537-7262
EMAIL: smonaghan@arml.org

## CERTIFICATE OF SERVICE

I, Sara Monaghan, hereby certify on September 4, 2019, I have filed the foregoing document, via hand delivery, with the Clerk of the Court, and I hereby certify that I have sent the document by email and U.S. Mail to the person(s) referenced below:

Willard Proctor, Jr.
2500 South State Street
Little Rock, AR 72206-2162

_____
Sara Monaghan